IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNICE POOLE-REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN INTERNATIONAL GROUP, INC.; ) | |
| AMERICAN GENERAL CORPORATION; ) | |
| AMERICAN GENERAL FINANCE, INC.; ) | |
| MERIT LIFE INSURANCE COMPANY; ) | |
| YOSEMITE INSURANCE COMPANY; ) | |
| LAMAR HARRIS; KATHIE ROWELL; ) CIVIL ACTION NO. 3:05CV750-T | |
| AMANDA WALLS; and Fictitious Defendants ) | |
| "A", "B", and "C", whether singular or plural, ) | |
| those other persons, corporations, firms, or other ) | |
| entities whose wrongful conduct caused the ) | |
| injuries and damages to the Plaintiff, all of whose ) | |
| true and correct names are unknown to Plaintiffs ) | |
| at this time, but will be substituted by ) | |
| amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as the "Diverse Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby give notice of the removal of this action to the United States District Court for the Middle District of Alabama, Eastern Division. Though not represented by the undersigned counsel, defendants American

1378558

International Group, Inc. and American General Corporation have confirmed their desire to join in this Notice of Removal. Defendants Lamar Harris, Kathie Rowell and Amanda Walls have not been served with the summons and Complaint, and as a result, their joinder in the removal is not required. In addition to removing this matter, to the extent the parties entered in to contracts that contained agreements to arbitrate their claims, Defendants specifically reserve the right to seek arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq.* As grounds for this removal, Defendants state as follows:

## I. PROCEDURAL BACKGROUND

1. This action was commenced on July 7, 2005, by the filing of a Complaint — Civil Action No. CV-05-134 — in the Circuit Court of Macon County, Alabama, a court within this judicial district and division. In her complaint, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing and consolidating previous debt with respect to several loans she obtained in 1998. Based on these allegations, Plaintiff appears to assert the following individual causes of action: (1) fraudulent misrepresentation; (2) negligence; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duties.

2. The first Defendant was served with a copy of the summons and complaint on July 8, 2005. Therefore, this notice of removal is timely filed. True and correct copies of all pleadings, process and orders served upon Defendants are attached hereto as Exhibit "A".

## II. GROUNDS FOR REMOVAL

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other

such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> citizens of different States....

A. **Citizenship of the Parties**

5. There is a complete diversity of citizenship between the Plaintiff and all Defendants who have been properly joined and served in this action.

6. Plaintiff alleges that she is a citizen of the State of Alabama.

7. Defendant American International Group, Inc. ("AIG") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in New York, New York. Defendant AIG, therefore, is a citizen of the States of Delaware and New York.

8. Defendant American General Corporation ("AGC") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas. Defendant AGC, therefore, is a citizen solely of the State of Texas.

9. American General Financial Services of Alabama, Inc. ("AGFSI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Evansville, Indiana. Defendant AGFSI, therefore, is a citizen of the States of Delaware and Indiana.

10. Defendant Merit Life Insurance Co. ("Merit") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant Merit, therefore, is a citizen solely of the State of Indiana.

11. Defendant Yosemite Insurance Company ("Yosemite") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant Yosemite, therefore, is a citizen solely of the State of Indiana.

12. As demonstrated below, Defendants Lamar Harris, Kathie Rowell, and Amanda Walls (the "Non-Diverse Defendants") have been fraudulently joined. Accordingly, their citizenship must be disregarded for purposes of removal jurisdiction.

B. **Fraudulent Joinder**

13. Joinder of a non-diverse defendant is fraudulent if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Owens v. Life Ins. Co. of Georgia,* 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003) (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)). Thus, when a defendant has been fraudulently joined the court should disregard his or her citizenship for purposes of determining whether a case is removable based on diversity of citizenship. *See id.; see also Sealey v. Citigroup, Inc.,* CV 03-B-3003-W, slip op. at 6 (N.D. Ala. Aug. 31, 2004) (attached hereto as Exhibit "B"), *Fowler v. Provident Life and Accident Insurance Company,* 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.,* 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001); *Whitlock v. Jackson Nat'l Life Ins. Co.,* 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998); *Wakeland v. Brown & Williamson Tobacco Corp.,* 996 F. Supp. 1213 (S.D. Ala. 1998); *Levett v. Indep. Life & Acc. Ins. Co.,* 814 F. Supp. 1053, 1058 (M.D. Ala. 1993).

14. The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the forum state, joins a resident citizen defendant with a nonresident defendant. Such joinder is

fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962) ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.").

15. As demonstrated above, Plaintiff's claims herein are all predicated upon allegations of fraudulent misrepresentations by the Defendants. Under Alabama law, however, it is well settled that an essential element of a claim based on fraudulent misrepresentations is that the plaintiff reasonably rely on the alleged misrepresentation(s). *See Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997).

16. With that said, when a plaintiff is presented with documents that disclose the information allegedly misrepresented, any reliance on said misrepresentations is, as a matter of law, unreasonable. *See Holton v. Blue Cross and Blue Shield of South Carolina*, 56 F. Supp. 2d 1338, (M.D. Ala. 1999). Additionally, fraud or misrepresentation cannot be predicated upon a verbal statement made before execution of a written contract when a provision in that contract contradicts the verbal statement. *See Taylor v. Moorman Manufacturing Co.*, 475 So. 2d 1187 (Ala. 1985). Lastly, if a party has reason to doubt the truth of an oral representation or is informed of the truth before he acts, he may not reasonably act or rely on that representation. *See Bedwell Lumber Co. v. T & T Corp.*, 386 So. 2d 413 (Ala. 1980).

17. The Plaintiff in the case at hand was presented with transactional documents in conjunction with her loans and insurance transactions, if any. These loan documents disclosed

the fees charged and the nature of products purchased, as well as the fact that credit insurance was not required. Thus, any reliance by the Plaintiff on an allegedly contradictory oral representation made before signing her loan documents is, as a matter of law, unreasonable. Accordingly, the Plaintiff has no possibility of recovery against the Non-Diverse Defendants.

18.  The Non-Diverse Defendants have also been fraudulently joined because the only claims the Plaintiff states against the Non-Diverse Defendants are time-barred by the applicable statute of limitations. Federal courts in Alabama have consistently held that in such a situation, the Non-Diverse Defendants are deemed to be fraudulently joined. *See e.g. Sealey v. Citigroup, Inc.*, CV 03-B-3003-W, slip op. at 6 (N.D. Ala. Aug. 31, 2004); *Owens,* 289 F. Supp. 2d at 1325; *Bullock,* 165 F. Supp. 2d at 1258; *Fowler,* 256 F. Supp. 2d at 1246; *Whitlock,* 32 F.Supp.2d at 1290; *Levett,* 814 F. Supp. at 1058.

19.  Similarly, federal courts in Mississippi applying similar standards to identical claims have also found fraudulent joinder and exercised diversity jurisdiction under these circumstances. *See Boone v. Citigroup, Inc.* --- F.3d ----, 2005 WL 1581091 (5th Cir. 2005); *McDonal v. Abbott Laboratories,* 408 F.3d 177 (5th Cir. 2005); *Rainwater v. Lamar Life Ins. Co.,* 391 F.3d 636 (5th Cir. 2004); *Ross v. CitiFinancial, Inc.,* 344 F.3d 458 (5th Cir. 2003), r'hng en banc denied, Jan. 25, 2005 (nos. 02-60608 & 02-60609); *see also Andrus v. Ellis,* 887 So.2d 175 (Miss. 2004)(finding similar consumer finance claims time-barred); *Clay Rodgers v. American General Finance, Inc. et al.*; In the Circuit Court of Holmes County, Mississippi; Civil Action No. 2001-213; Supreme Court of Mississippi; Case No. 2004-M-1617-SCT (Oct. 14, 2004)(same).

20.  Finally, Plaintiff has failed to serve process on the Non-Diverse Defendants. Federal courts in Alabama have held that such behavior is indicative of fraudulent joinder where,

as in the case at hand, it suggests an intent not to proceed against the Non-Diverse Defendants. *See Morgan v. Estate of Bill Cook*, 180 F.Supp.2d 1301, 1304 (M.D. Ala. 2001))(finding that fraudulent joinder may exist where a plaintiff's failure to serve in-state defendants suggests an intent to abandon the claims against said parties.); *Mask v. Chrysler Corp.*, 825 F.Supp. 285, 289 (N.D. Ala. 1993).

21.     Based on the foregoing, the Non-Diverse Defendants have been fraudulently joined in the case at hand, and their citizenship must be disregarded for purposes of removal jurisdiction.

    C.     **Amount in Controversy**

22.     The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, notwithstanding the fact that the complaint does not set forth the amount of damages claimed. It is well-settled that an indeterminate complaint "does not show that the case is not removable, it simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases, the court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575. With that said, it is clear that if the allegations of the complaint in the case at hand are well founded, the amount in controversy requirement of $75,000 would be satisfied.

23.     In her complaint, Plaintiff seeks both compensatory and punitive damages. Nowhere in the complaint does Plaintiff limit her recovery to less than $75,000. Moreover, this case involves fraud claims with accompanying requests for compensatory and punitive damages. As this Court is aware, compensatory damages in fraud actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction.

24. Punitive damages in this case could clearly exceed $75,000. In many recent fraud cases, defendants such as those in this case have suffered punitive damages awards well in excess of $75,000. *See e.g. Jeter v. Orkin Exterminating Co., supra*, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000 punitive damage award in conspiracy to convert matter); *Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner*, 809 So. 2d 808 (Ala. 2001) ($200,000 punitive damage award in fraud and outrage matter); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); *Cooper & Co. v. Lester*, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538 to $250,000 in fraud action); *Prudential Ballard Realty Co., Inc. v. Weatherly, supra*, (award of $750,000 of punitive damages in fraud action); *Oliver v. Town*, 770 So. 2d 1059 (Ala. 2000) ($249,000 award of punitive damages in conversion action); *Chrysler Corp. v. Schiffer*, 736 So. 2d 538 (Ala. 1999) ($150,000 award of punitive damages in fraud and breach of contract matter); *Life Insurance Company of Georgia v. Parker, supra*, ($150,000 award of punitive damages in insurance fraud matter); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) ($225,000 award of punitive damages in fraud and breach of contract matter); *Talent Tree Personnel Srvs., Inc. v. Fleenor*, 708 So. 2d 917 (Ala. 1997) ($1,500,000 award of punitive damages in fraud and breach of contract matter); *American Pioneer Life v. Williamson*, 704 So. 2d 1361 (Ala. 1997) ($750,000 award of punitive damages in fraud and breach of contract case); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) ($1,000,000 award of punitive damages in insurance fraud matter); *Life Ins. Co. of Georgia v. Johnson, supra*, ($3,000,000 award of punitive damages in

insurance fraud action); *Hillcrest Center, Inc. v. Rone*, 711 So. 2d 901 (Ala. 1997) ($94,000 award of punitive damages in fraudulent inducement action); *First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) ($500,000 award of punitive damages in fraud and breach of contract matter); *Gallant v. Prudential Ins. Co. of America*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); *Ford Motor Co. v. Sperau,* 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); *Johnson v. Mercury Finance Co.,* CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note; jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages, the award of punitive damages was remitted to $2,000,000.); *Key v. Prudential Insurance Co., et al.,* CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (the plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required; jury awarded $25,000,000 in punitive damages.); *Parham v. Foremost Insurance Co.,* 693 So. 2d 409 (Ala. 1997) (jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages; the punitive damages were later remitted to $175,000.). Consequently, the amount in controversy requirement has been established.

25. The amount of compensatory damages sought by Plaintiff could also satisfy the amount in controversy requirement. As this Court is aware, compensatory damages in fraud and negligence/wantonness actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar allegations. *See e.g. New Plan Realty Trust v. Morgan,* 792 So. 2d

351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); *Prudential Ballard Realty Co., Inc. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000 award of compensatory damages was attributed to mental anguish); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000 of the $75,000.00 compensatory damage award was attributed to mental anguish); *Liberty National Life Ins. Co. v. Caddell*, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LPR JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America,* CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused

10

by fraud). Consequently, the amount in controversy requirement is easily satisfied in the case at hand.

### III. ADOPTION AND RESERVATION OF DEFENSES

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. JURISDICTIONAL REQUIREMENTS

27. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

28. Defendants have heretofore sought no similar relief.

29. The United States District Court for the Middle District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

30. Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

31. Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendants are also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Macon County, Alabama, as provided by law.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted,

/s/ Matthew T. Mitchell
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Notice of Removal was served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the _8th_ day of August, 2005.

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555

_/s/ Matthew J. Mitchell_
OF COUNSEL
