RECEIVED
2005 AUG 8 PM 2:21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNICE POOLE-REESE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN INTERNATIONAL GROUP, INC.; ) <br> AMERICAN GENERAL CORPORATION; ) <br> AMERICAN GENERAL FINANCE, INC.; ) <br> MERIT LIFE INSURANCE COMPANY; ) <br> YOSEMITE INSURANCE COMPANY; ) <br> LAMAR HARRIS; KATHIE ROWELL; ) <br> AMANDA WALLS; and Fictitious Defendants ) <br> "A", "B", and "C", whether singular or plural, ) <br> those other persons, corporations, firms, or other ) <br> entities whose wrongful conduct caused the ) <br> injuries and damages to the Plaintiff, all of whose ) <br> true and correct names are unknown to Plaintiffs ) <br> at this time, but will be substituted by ) <br> amendment when ascertained, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 2:05CV750T |

## ANSWER

**COME NOW** Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, specifically preserving their contractual right to compel arbitration to the extent the parties entered into contracts that contained agreements to arbitrate their claims, and for their response to Plaintiff's complaint, state as follows:

1378547

## FIRST DEFENSE

For their response to the specifically-enumerated paragraphs of Plaintiff's complaint, Defendants state as follows:

## STATEMENT OF THE PARTIES

1. Defendants deny the allegations in Paragraph 1 of Plaintiff's complaint and demand strict proof thereof.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's complaint and, therefore, must deny the same and demand strict proof thereof.

3. Defendants deny the allegations in Paragraph 3 of Plaintiff's complaint and demand strict proof thereof.

4. Defendants admit that Defendant American International Group, Inc. ("AIG") is a foreign corporation but deny that AIG does business by agent in Macon County, Alabama. Defendants deny the remaining allegations in Paragraph 4 of Plaintiff's complaint and demand strict proof thereof.

5. Defendants admit that Defendant American General Corporation ("AGC") is a foreign corporation, but deny that AGC does business by agent in Macon County, Alabama.

6. Defendants admit that Merit Life Insurance Company ("Merit") is a foreign corporation, but deny that Merit does business by agent in Macon County, Alabama.

7. Defendants admit that Yosemite Insurance Company ("Yosemite") is a foreign corporation, but deny that Yosemite does business by agent in Macon County, Alabama.

8. Defendants admit the allegations in Paragraph 8 of Plaintiff's complaint.

9. Defendants admit that Defendant Kathie Rowell is over the age of nineteen (19), but deny that she is a resident of Lee County, Alabama.

10. Defendants admit that Defendant Amanda Walls is over the age of nineteen (19), but deny that she is a resident of Lee County, Alabama.

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's complaint and demand strict proof thereof.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's complaint and demand strict proof thereof.

## STATEMENT OF THE FACTS

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's complaint and demand strict proof thereof.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's complaint and demand strict proof thereof.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's complaint and demand strict proof thereof.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's complaint and demand strict proof thereof.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's complaint and demand strict proof thereof.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's complaint and demand strict proof thereof.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's complaint and demand strict proof thereof.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's complaint and demand strict proof thereof.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's complaint and demand strict proof thereof.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's complaint and demand strict proof thereof.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's complaint and demand strict proof thereof.

## COUNT ONE

24. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's complaint and demand strict proof thereof.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's complaint and demand strict proof thereof.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's complaint and demand strict proof thereof.

Defendants deny the averments of the unnumbered paragraph following paragraph 27 of Plaintiff's complaint and beginning with "WHEREFORE" and demand strict proof thereof. Defendants specifically deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demand strict proof thereof.

## COUNT TWO

27. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.[1]

---

[1] Note that Plaintiff's complaint contains two paragraphs numbered 27.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's complaint and demand strict proof thereof.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's complaint and demand strict proof thereof.

Defendants deny the averments of the unnumbered paragraph following paragraph 29 of Plaintiff's complaint and beginning with "WHEREFORE" and demand strict proof thereof. Defendants specifically deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demand strict proof thereof.

## COUNT THREE

30. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

31. Defendants deny the allegations in Paragraph 31 of Plaintiff's complaint and demand strict proof thereof.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's complaint and demand strict proof thereof.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's complaint and demand strict proof thereof.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's complaint and demand strict proof thereof.

Defendants deny the averments of the unnumbered paragraph following paragraph 34 of Plaintiff's complaint and beginning with "WHEREFORE" and demand strict proof thereof. Defendants specifically deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demand strict proof thereof.

## COUNT FOUR

35. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's complaint and demand strict proof thereof.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's complaint and demand strict proof thereof.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's complaint and demand strict proof thereof.

Defendants deny the averments of the unnumbered paragraph following paragraph 38 of Plaintiff's complaint and beginning with "WHEREFORE" and demand strict proof thereof. Defendants specifically deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demand strict proof thereof.

## SECOND DEFENSE

On information and belief, some of Plaintiff's claims against Defendants may be subject to arbitration.

## THIRD DEFENSE

Venue is improper in the underlying state court action.

## FOURTH DEFENSE

Plaintiff's complaint and each count claimed therein fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of estoppel.

### EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of acquiescence.

### NINTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of consent.

### TENTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of waiver.

### ELEVENTH DEFENSE

Defendants plead justification.

### TWELFTH DEFENSE

Defendants plead immunity.

### THIRTEENTH DEFENSE

Defendants plead privilege.

### FOURTEENTH DEFENSE

Plaintiff's claims against Defendants are barred by her own breach of contract.

### FIFTEENTH DEFENSE

Plaintiff's claims against Defendants are barred by accord and satisfaction.

### SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred by the merger doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's claims against Defendants are barred by the statute of frauds.

## EIGHTEENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts of third parties over which Defendants had no responsibility or control and for which Defendants may not be held liable.

## NINETEENTH DEFENSE

On the occasion complained of, Plaintiff was guilty of contributory negligence which proximately caused or contributed to the injuries alleged in the complaint.

## TWENTIETH DEFENSE

Plaintiff's claims against Defendants are barred because she could not have reasonably relied on any alleged misrepresentations made by the Defendants.

## TWENTY-FIRST DEFENSE

Defendants plead that the transactions alleged were voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the Plaintiff knowingly entered into the transactions, having either understood the transactions or having failed to avail herself of the opportunity to understand the transactions, and that the transactions are now complete, paid and satisfied.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Defendants have been released.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by her own fraudulent conduct.

## TWENTY-FOURTH DEFENSE

The claims asserted in the Complaint are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of those prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## TWENTY-FIFTH DEFENSE

There is no basis in fact or law for Plaintiff's claims for punitive damages in the complaint. Moreover, an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to ALA. CODE § 6-11-20.

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages in excess of $500,000 pursuant to ALA. CODE § 6-11-21.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims for punitive damages against Defendants cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they contravene the principles established by United States Supreme Court in *BMW v. Gore,* 116 S.Ct. 1589 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut.*

*Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), prohibiting the imposition of grossly excessive or arbitrary punitive damage awards.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution, the Alabama Constitution and/or the common law or the public policies of the United States and Alabama on the following grounds:

(a)   It is a violation of the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond a reasonable doubt standard required in criminal cases.

(b)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendants' rights to due process guaranteed by the United States Constitution and the Alabama Constitution.

(c)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which deprives Defendants of due process of law in violation of the United States Constitution and the Alabama Constitution.

(d)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Defendants of due process of law in violation of the United States Constitution and the Alabama Constitution.

(e) An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f) The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar acts, which deprives Defendants of their rights to equal protection and due process in violation of the United States Constitution and the Alabama Constitution.

(g) Plaintiff's claims for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendants' due process and equal protection rights under the United States Constitution and the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, Article I, § 15 and Article I, § 1 of the Alabama Constitution, and in violation of Defendants' due process rights.

(i) Plaintiff's claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate Defendants' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a

matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(j) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendants of due process of law.

(k) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(l) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendants to punishment for the conduct of others through vicarious liability, *respondent superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendants' due process rights under the United States Constitution and the Alabama Constitution.

(m) Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' conduct, creating a chilling effect on Defendants' exercise of its right to a judicial resolution of this dispute.

(n) The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o) The procedures pursuant to which punitive damages are awarded subject Defendants to punishment under a law not fully established before the alleged offense.

(p) Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

(q) Plaintiff's claims for punitive damages against Defendants cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

(r) Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless Defendants are afforded the safeguards

guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

(s) Plaintiff's claims for punitive damages against Defendants cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are precluded to the extent she is a member of a class action filed prior to this matter. In that event, her claims must be pursued in those cases.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are precluded to the extent she is a member of a class action that has already adjudicated. Thus, her claims are due to be dismissed.

Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

_____
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the ___8th___ day of August, 2005.

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555


_____
OF COUNSEL