IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BERNICE POOLE-REESE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **AMERICAN INTERNATIONAL GROUP, INC.;** | ) |
| **AMERICAN GENERAL CORPORATION;** | )   **CASE NUMBER:  3:05 CV 750 T** |
| **AMERICAN GENERAL FINANCE, INC.;** | ) |
| **MERIT LIFE INSURANCE COMPANY;** | ) |
| **YOSEMITE INSURANCE COMPANY;** | ) |
| **KATHIE ROWELL; LAMAR HARRIS; LISA** | ) |
| **SHORT** | ) |
| | ) |
| **Defendants.** | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 30, 2005, and was attended by Lance Gould, Esq., attorney for plaintiff; David A. Elliott, Esq., attorney for defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the Complaint), as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company; and Thomas J. Butler, Esq., attorney for defendants American General Corporation and American International Group.  American General Corporation and American International Group expressly and  specifically preserve their defense of lack of personal jurisdiction, as well as other defenses pursuant to Rule 12 of the Federal Rules of Civil Procedure.

1391025

1. **Motion to Dismiss For Lack of Personal Jurisdiction.** On August 15, 2005, defendants American General Corporation and American International Group filed their Motion to Dismiss for Lack of Personal Jurisdiction. These defendants hereby request that their obligations and deadlines under Rule 26(a)(1) and this scheduling order be stayed until fifteen (15) days after a ruling on their Motion to Dismiss.

2. **Pre-Discovery Disclosures.** Plaintiff and defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the Complaint), as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company will exchange, on or before October 15, 2005, the information required by Rule 26(a)(1).

3. **Discovery Plan.** Plaintiff and defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the Complaint), as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company jointly propose to the court the following discovery plan:

Discovery will be needed on questions of liability, affirmative defenses, and injury claims.

All discovery will be commenced in time to be completed by March 1, 2006.

Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 15 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 30 requests for production by each party to any other party. Responses due 30 days after service.

Maximum of 6 depositions by the defendants in the aggregate and 6 depositions by the plaintiff in the aggregate, unless the parties agree otherwise. Each deposition is limited to a maximum of 7 hours, unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: From plaintiffs by December 1, 2005, and from defendants by January 2, 2006.

4.   **Other Items.**  The parties do not specifically request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference 4 to 6 weeks prior to trial.

Plaintiffs should be allowed until October 1, 2005, to join additional parties or to amend the pleadings.

Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the Complaint), as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company should be allowed until November 1, 2005, to join additional parties or to amend the pleadings.

All potentially dispositive motions should be filed ninety days prior to the pretrial conference.

Settlement and participation in an Alternative Dispute Resolution Plan will likely not assist resolution of this matter.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due forty (40) days prior to trial. Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial on May 1, 2006, and at this time is expected to take approximately 2 days.

          Respectfully submitted,

          /s/ Lance Gould_____
          C. Lance Gould

          ATTORNEY FOR PLAINTIFF JAMES POOLE

**OF COUNSEL:**

Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
272 Commerce Street
Montgomery, Alabama  36104

/s/ David Elliot_____
David A. Elliott (ELL027)
Elizabeth B. Shirley (BOS018)
Matthew T. Mitchell (MIT050)

ATTORNEYS FOR DEFENDANTS AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA, INC. (IMPROPERLY DESIGNATED AS AMERICAN GENERAL FINANCE INC. IN THE COMPLAINT), AS SUCCESSOR TO AMERICAN GENERAL FINANCE, INC., AN ALABAMA CORPORATION, MERIT LIFE INSURANCE COMPANY, AND YOSEMITE INSURANCE COMPANY

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203

/s/ Thomas Butler_____
Jeffrey M. Grantham
Thomas J. Butler
John Thomas A. Malatesta, III

ATTORNEYS FOR DEFENDANTS AMERICAN GENERAL CORPORATION AND AMERICAN INTERNATIONAL GROUP

**OF COUNSEL:**

Maynard, Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, Alabama  35203-2618

1391025                                         5