IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNICE POOLE-REESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-750 |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC.; et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR ADDITIONAL TIME
TO RESPOND TO PLAINTIFF'S MOTION TO REMAND
FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY**

**COME NOW** Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., Merit Life Insurance Company, Yosemite Insurance Company, Lamar Harris, Kathie Rowell, and Amanda Walls (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby move this Court for an extension of time to respond to Plaintiff's Motion to Remand for the purpose of conducting limited remand-related discovery. In support thereof, Defendants show unto the Court the following:

1.  On or about July 7, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-134. It is

1393247

a consumer finance case of the type referred to by the plaintiffs' bar as a "flipping and packing" case, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit life, disability and/or property insurance in connection with those loans. Specifically, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing and consolidating prior debt with respect to several loans she obtained in 1998.

2.   As set forth more fully in the supporting memorandum of law and exhibits submitted herewith, this lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including ten in Alabama and twelve in Tennessee, which come on the heels of innumerable lawsuits in Mississippi, involving thousands of plaintiffs, each making virtually identical meritless claims and fraudulently joining non-diverse defendants. In fact, as illustrated in the supporting memorandum of law and exhibits, federal courts in Mississippi, recognizing the attempt by the plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have routinely denied remand and exercised diversity jurisdiction.

3.   As with the cases in Mississippi, Plaintiff has fraudulently joined the non-diverse Defendants in this matter, for Plaintiff has no possibility of recovery against them. The claims in it are not viable because they have been long barred by the applicable statutes of limitations, and because they fail on the merits. As a result, on or about August 8, 2005, Defendants removed the present action to this Court based on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, Defendants demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action under 28 U.S.C. § 1332(a) because the amount in

controversy exceeds $75,000 and because Lamar Harris, Kathie Rowell, and Amanda Walls, the only non-diverse Defendants, have been fraudulently joined.

4. On or about September 1, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity jurisdiction. Specifically, Plaintiff contends that Lamar Harris, Kathie Rowell, and Amanda Walls have been properly joined and that Defendants failed to show that the amount in controversy requirement has been satisfied.

5. As demonstrated in detail in the memorandum of law submitted herewith, remand-related discovery is necessary in the present action to provide additional tangible evidence that Lamar Harris, Kathie Rowell, and Amanda Walls have, in fact, been fraudulently joined and that the amount in controversy requirement is, in fact, satisfied.

**WHEREFORE**, Defendants respectfully move this Court to grant them an additional sixty (60) days, or until November 11, 2005, to serve their Opposition to Plaintiff's Motion to Remand, for the purpose of conducting limited remand-related discovery.

Respectfully submitted,

/s/ Matt T. Mitchell

Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on September 9th, 2005, I electronically filed the foregoing Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

_/s/ Matt S. Miller_
OF COUNSEL