IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| BERNICE POOLE-REESE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 3:05cv750-MHT |
| | ) | (WO) |
| AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., et al., | ) | |
| | ) | |
|    Defendants. | ) | |

ORDER

It is ORDERED that defendants' motion to alter or amend (Doc. No. 34) is denied.

First, the court remains convinced that its remand decision, based on the 'common-defense rule,' was right. See Poole v. American International Group, Inc., ___ F.Supp.2nd ___, ___, 2006 WL 335899 **3-4 (M.D. Ala. 2006) (Thompson, J.). Second, the court is not convinced there is no possibility of establishing a claim against the non-diverse defendants. See Cope v. American International Group, Inc., 2006 WL 317238 (M.D. Ala.

2006) (Albritton, J.); Smith v. American International Group, Inc., 2006 WL 319180 (M.D. Ala. 2006) (Fuller, C.J.). And, third, this court is without authority to reconsider its remand order. See In re Loudermilch, 158 F.3d 1143 (11th Cir. 1998) (district court was without jurisdiction to reconsider its remand order even if that order was erroneous); Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) ("[T]here is no reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase 'on appeal or otherwise' [in 28 U.S.C. § 1447(d)]. The district court has one shot, right or wrong.") (emphasis added) (quoting In re La Providencia Development Corporation, 406 F.2d 251, 252-253 (1st Cir. 1969) (citations omitted)).

   DONE, this the 14th day of March, 2006.


                          /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE